UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 03-10329-PBS |
| | ) | |
| AMANDO MONTEIRO and | ) | |
| LUIS RODRIGUES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

November 22, 2005

SARIS, U.S.D.J.

## I. INTRODUCTION

Defendants Amando Monteiro and Luis Rodrigues move to
dismiss the First Superseding Indictment charging violations of
the Racketeer Influenced and Corrupt Organizations Act (RICO), 18
U.S.C. § 1961 *et. seq.*, related to their alleged involvement with
a violent street gang known as Stonehurst or the Stonehurst
Street Crew that operated out of several areas of Massachusetts.
The defendants allege that nine instances of prosecutorial
misconduct before the grand jury were so serious that they
warrant dismissing the indictments.

These allegations of misconduct fall into two categories:
(1) that the prosecutor introduced irrelevant evidence intended
to prejudice the grand jury against the defendants; and (2) that
the prosecutor improperly "vouched" for witnesses and evidence

and offered his personal opinions about the evidence against the

defendants.  Defendants have culled these nine alleged instances

of misconduct from several months of grand jury testimony,

arguing that cumulatively they are so severe as to require

dismissal of the indictments.

After careful review of the grand jury transcripts, this

Court does not believe that the alleged misconduct warrants the

extraordinary remedy of dismissal.  Accordingly, the motion to

dismiss is **DENIED**. (Docket Nos. 524 & 533.)

### III.  DISCUSSION

**A.  Standard for Dismissal**

A district court may, as an exercise of its supervisory

powers, dismiss a grand jury indictment due to prosecutorial

misconduct that "actually biases the grand jury in performing its

fact-finding function."  See United States v. Maceo, 873 F.2d 1,

3 (1st Cir. 1989).  The Supreme Court has directed that at least

where dismissal is sought for non-constitutional error,

"dismissal of the indictment is appropriate only 'if it is

established that the violation substantially influenced the grand

jury's decision to indict,' or if there is 'grave doubt' that the

decision to indict was free from the substantial influence of

such violations."  Bank of Nova Scotia v. United States, 487 U.S.

250, 256 (1988) (quoting United States v. Mechanik, 475 U.S. 66,

78 (1986)); United States v. Reyes-Echevarria, 345 F.3d 1, 4 (1st

Cir. 2003).  Most non-structural constitutional errors are also

subject to harmless error review.  <u>Neder v. United States</u>, 527

U.S. 1, 7 (1999).  Furthermore, although a court should look at

the cumulative effect of the alleged instances of misconduct, it

must also view the alleged misconduct in the context of the

entirety of the evidence and proceedings before the grand jury.

See <u>Bank of Nova Scotia</u>, 487 U.S. at 263.    Moreover, the First

Circuit has made it clear that dismissal of an indictment for

prosecutorial misconduct is an extraordinary remedy.  <u>See</u> <u>United</u>

<u>States v. Laboy</u>, 909 F.2d 581, 585 (1st Cir. 1990).  "The basic

rule is that, because of the constitutionally mandated

independence of the grand jury and the prosecutor, courts should

be reluctant to dismiss an indictment.  A dismissal will,

therefore, be ordered only for serious and blatant prosecutorial

misconduct that distorts the integrity of the judicial process."

<u>United States v. Ogden</u>, 703 F.2d 629, 636 (1st Cir. 1983).  As

such, the defendants must surmount a high bar in order to achieve

a dismissal.

**B.   The Proceedings Before the Grand Jury**

   1.  <u>Prejudicial evidence</u>

     The defendants argue that dismissal of the indictment is

warranted because the prosecutor presented evidence of Luis

Rodrigues's contemporaneous incarceration for another offense and

elicited evidence that Rodrigues and Monteiro exercised their

constitutional right to remain silent when interviewed about the murder of Dinho Fernandes.

In the first instance, the prosecutor asked a cooperating witness a question about Rodrigues's current whereabouts, to which the witness responded, "He's incarcerated."  (M. Rodrigues Grand Jury Tr. 105, Aug. 7, 2003.)  Rodrigues contends that this prejudiced the grand jury against him.  However, this assertion fails to assess the context of this testimony.  The question was part of a larger discussion of Rodrigues's relationship to the gang.  The witness was explaining why other members of the gang were avoiding Rodrigues.  As such, the inquiry was not designed to impugn the defendant's credibility with the grand jury, and the circumstances do not suggest prejudice which meets the <u>Bank of Nova Scotia</u> standard.

In the second instance -- perhaps the most serious in this litany -- the defendants claim prejudice from a witness's statement that he had interviewed the defendants about the Fernandes murder and that they chose to remain silent.  In his testimony, Det. Mark Reardon of the Brockton Police stated:

> A: We've already interviewed Luis Rodrigues in the prison system, Amando Monteiro in the prison system.
>
> Q: Neither of which told you anything?
>
> A: No.

(M. Reardon Grand Jury Tr. 28, Oct. 9, 2003.)

Defendants argue that this was an impermissible comment on

the defendants' exercise of their Fifth Amendment right to remain
silent during custodial interrogation.  See Doyle v. Ohio, 426
U.S. 610, 619 (1976).  Impermissible comment on a defendant's
invocation of the right to remain silent during grand jury
proceedings requires dismissal of the indictment if it is an
"impermissible attempt to infringe on the ability of the grand
jury to exercise its own independent judgment in determining
whether there was probable cause."  United States v. Lopez-
Gutierrez, 83 F.3d 1235, 1245 (10th Cir. 1996).  In the context
of a trial, the First Circuit has described the proper inquiry as
"whether the prosecutor's language shows a manifest intention to
comment on the defendant's failure to testify and whether the
jury would naturally and necessarily understand it to be a
comment on the defendant's failure to testify."  United States v.
Barbour, 393 F.3d 82, 90 (1st Cir. 2004) (setting forth standard
for evaluating alleged improper comment at trial).

     While it is possible that the grand jury could have
construed the above-quoted colloquy with Detective Reardon as a
comment on the defendants' failure to remain silent, it is
unlikely.  A review of the transcript does not indicate an
attempt by the prosecution to undermine the independence of the
grand jury, but rather to describe the sequence of an
investigation leading up to an interrogation of Angelo Brandao on
whom the line of questioning was focused.  (M. Reardon Grand Jury
Tr. 28-29, Oct. 9, 2003.)  In the context of the voluminous other

evidence presented against the defendants to establish probable

cause for the indictment, this prosecutorial glitch does not

appear to be intentional misconduct or to have caused grave

injustice.

Defendants urge the court to apply the more stringent

harmless error analysis from Chapman v. California, 386 U.S. 18,

24 (1967).  However, they do not cite any cases which apply that

trial standard to grand jury proceedings.  Given the lower

standard of proof required to secure an indictment, and the

Supreme Court's extensive discussion of the proper standard for

prejudice to be applied to grand jury proceedings in Bank of Nova

Scotia, the Court declines to apply the Chapman standard.

2.   The Prosecutor's Vouching and Offering Personal Opinions

The defendants allege seven instances of the prosecutor

"becoming an unsworn witness" and testifying before the grand

jury, or otherwise offering his personal opinion of the evidence.

None of these instances is serious enough to detail here, and

cumulatively they did not substantially influence the grand

jury's decision to indict.  Nor do they cumulatively give rise to

"grave doubt" that the grand jury was not free of such influence.

See Bank of Nova Scotia, 487 U.S. at 263 (finding that numerous

instances of misconduct during extensive grand jury proceedings

did not warrant dismissal because they did not have a substantial

effect on the jury's decision to charge); United States v.

McDonald, 61 F.3d 248, 253 (4th Cir. 1995) (refusing to dismiss

indictment when there was substantial other evidence supporting probable cause and a "dearth of evidence indicating bad faith on the government's part").

In the context of a trial, the First Circuit has issued "constant admonitions against a representative of the United States throwing his personal convictions into the balance," due to the "inevitable asset of tremendous credibility" the prosecutor possesses.  United States v. Gonzalez Vargas, 558 F.2d 631, 633 (1st Cir. 1977) (reversing conviction when prosecutor noted his personal belief about the credibility of the evidence four times during a closing argument whose transcript comprised only three pages).  Some of the prosecutors' comments cross this line.  The prosecutor used the royal "we" a bit too frequently, and, given his capacious understanding of this complex criminal investigation, he leaped in to respond occasionally to grand juror questions himself.  However, defendants do not allege that any of the information was incorrect.  In light of the mountain of evidence before the grand jury, these alleged improprieties were just a mole hill.  When viewed in context, the alleged violations did not prejudice the defendants.  See United States v. Newton, 891 F.2d 944, 953 (1st Cir. 1989) (declining to reverse when prosecutor's interjection of personal opinion was "relatively minor"); United States v. Cresta, 825 F.2d 538, 556 (1st Cir. 1987) (affirming conviction despite prosecutor's assertion of personal opinion when "the jury's verdict could

hardly have been the result of these brief remarks of the prosecutor, but rather was based upon lengthy testimony, extensive corroborating evidence, and a reasonable belief that the government witnesses were credible.").

## ORDER

The motions to dismiss are **DENIED**.   (Docket Nos. 924 & 933.)


**S/PATTI B. SARIS**
United States District Judge